UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff<br><br>V.<br><br>AETNA LIFE INSURANCE COMPANY, BANK OF AMERICA CORPORATION LONG TERM DISABILITY PLAN,<br><br>Defendants | CIVIL ACTION NO. |

## COMPLAINT

1. Plaintiff, Jane Doe ("Ms. Doe"), brings this action against the Defendants, Aetna Life Insurance Company ("Aetna") and the Bank of America Corporation Long Term Disability Plan ("Plan"), (collectively referred to as "Defendants"), for violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq.* ("ERISA"). Ms. Doe is a participant in an ERISA welfare benefit plan insured and administered by Aetna.

2. Ms. Doe is filing this action to: 1) recover long-term disability ("LTD") benefits due to her under her employer's long term disability plan; 2) enforce the present rights existing under the Plan; 3) clarify rights under the terms of the Plan; and 4) recover damages, interest, costs and attorneys' fees.

3. Ms. Doe challenges the Defendants': 1) unreasonable and unlawful denial of Ms. Doe's LTD benefits despite the substantial medical and vocational evidence demonstrating Ms. Doe's qualifications for said benefits; 2) pattern of rejecting and/or ignoring the

substantial evidence supporting Ms. Doe's disability in an effort to limit Defendants' financial exposure for Ms. Doe's claims; 3) failure to provide Ms. Doe with a full and fair review of her claims for LTD benefits; and 4) failure to provide a reasonable claims procedure that would yield a decision on the merits of Ms. Doe's LTD claims.

## PARTIES

4. Ms. Doe is a resident of Massachusetts.

5. The defendant, Aetna, is a for-profit insurance company, with its principal place of business in Hartford, Connecticut. Aetna transacts business in Massachusetts and insures and administers the Plan under which Ms. Doe is suing. Aetna is the party responsible for processing claims made under the Plan and making a final determination as to Ms. Doe's eligibility for benefits.

6. At all times relevant to the claims asserted in this Complaint, Aetna purported to act as an ERISA claims fiduciary with respect to participants of the Plan generally, and specifically with respect to Ms. Doe, within the meaning of ERISA.

7. The Plan under which Ms. Doe is suing is an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. §1002(1). The Plan was issued by Aetna to Bank of America.

## STATEMENT OF FACTS

**Relevant Policy Terms.**

8. As an employee of Bank of America, Ms. Doe was eligible for LTD coverage under a contract of insurance with Aetna.

9. The Plan provides for the payment of income replacement benefits when an meets the "Test of Disability," defined as follows:

From the date that you first become disabled and until Monthly Benefits ore payable for 18 months, you will be

        deemed to be disabled on any day if:
- you are not able to perform the material duties of your own occupation solely because of: disease or Injury; and
- your work earnings are 80% or less of your adjusted predisability earnings.

After the first 18 months that any Monthly Benefit is payable during a period of disability, you will be deemed to be disabled on any day if you are not able to work at any reasonable occupation solely because of:

• disease; or

• Injury.

If your own occupation requires a professional or occupational license or certification of any kind, you will not be deemed to be disabled solely because of the loss of that license or certification.

10. Ms. Doe meets the standard for total disability under the Plan is eligible for LTD benefits under the terms of the Plan.

**Ms. Doe's Claim for LTD Benefits**

11. Ms. Doe's last day of work at Aetna was March 30, 2011.

12. Ms. Doe ceased working because her combined medical conditions resulted in symptoms, which functionally limited her ability to perform the duties of her occupation or any full-time occupation.

13. On December 13, 2012, Aetna denied Ms. Doe's claim for LTD benefits on the basis that she was not disabled from performing the duties of her occupation.

14. Aetna's assertion in this regard was false.

15. On June 6, 2013, Ms. Doe appealed Aetna's decision to deny her LTD benefits.

16. On September 5, 2014, Aetna upheld its decision to deny Ms. Doe's claim for LTD benefits.

**Summary of Aetna's Review of Ms. Doe's Claims**

17. Ms. Doe has exhausted her administrative remedies pursuant to 29 C.F.R. 2560.503-1(1) under the terms of the Plan.

18. Ms. Doe's disability and eligibility for LTD benefits is based on the substantial evidence in Defendants' possession.

19. The Defendants and their internal reviewers arbitrarily dismissed Ms. Doe's symptoms when they determined that Ms. Doe was not disabled.

20. The Defendants failed to have Ms. Doe's claims assessed by a medical provider with the appropriate credentials to evaluate her eligibility for benefits as required by ERISA's implementing regulations.

21. The Defendants failed to address or analyze the findings of Ms. Doe's treating and evaluating physicians' opinions regarding Ms. Doe's symptoms, restrictions, limitations and disability.

22. The Defendants failed to respond to Ms. Doe's attempts to engage in a meaningful dialogue regarding the evaluation of her claim.

23. Any discretion to which the Defendants may claim they are entitled under the Plan is negated by their failure to provide Ms. Doe with an explanation as to its adverse action as proscribed by ERISA and its implementing regulations.

24. The Defendants failed to meet the minimum requirements for the denial of Ms. Doe's LTD benefits, in violation of ERISA, 29 U.S.C. 1133, which requires that upon a denial of benefits, the administrative review procedure must include adequate notice in writing setting forth the specific reasons for the denial of benefits and a reasonable opportunity for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

25. The Defendants have also failed to meet the Plan requirements for review of claims that have been denied.

26. The Defendants failed to provide Ms. Doe with a full and fair review of her claim for LTD benefits.

27. The decision to terminate Ms. Doe's LTD benefits was self-serving, wrongful, unreasonable, irrational, solely contrary to the evidence, contrary to the terms of the Plan, and contrary to law.

28. Aetna was influenced by its financial conflict of interest when it denied Ms. Doe's claim for LTD benefits.

29. Aetna was influenced by its financial conflict of interest, as both the administrator of the Plan, and the payer of benefits thereunder, when it refused to consider Ms. Doe's benefits.

30. Due to the unlawful denial of benefits under ERISA, Ms. Doe has lost her rightful LTD benefits. She has also suffered emotional distress as a result of the Defendants' actions.

31. Due to the unlawful denial of benefits under ERISA, Ms. Doe has also lost the use of her LTD benefits.

32. Having exhausted the administrative procedures provided by the Defendants, Ms. Doe now brings this action.

### FIRST CAUSE OF ACTION
### (Enforcement of Terms of Plan
### Action for Unpaid Benefits)
### (ALL DEFENDANTS)

33. Ms. Doe realleges each of the paragraphs above as if fully set forth herein.

34. The Plan is a contract.

35. Ms. Doe has performed all of her obligations under the contract.

36. 29 U.S.C. § 1132(a)(1)(B) states that:

> A civil action may be brought ---

1.     by a participant or beneficiary –

    1. for the relief provided for in subsection (c) of this section, or

    2. to recover benefits due to her under the terms of her plan, to enforce her rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the plan.

37. The Defendants' actions constitute an unlawful denial of disability benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

38. The Defendants unlawfully denied Ms. Doe's benefits in part by: (1) dismissing without explanation, the substantial evidence supporting Ms. Doe's claim for LTD benefits; and (2) denying Ms. Doe a full and fair review of their decision to deny her benefits.

39. In accordance with 29 U.S.C. §1132, Ms. Doe is entitled to LTD benefits under the Plan based upon her disabled status from March 30, 2011, to the present, and continuing until she is no longer disabled.

40. The Defendants have refused to provide Ms. Doe with her disability benefits and are, therefore, in breach of the terms of the Plan and ERISA, which requires that the Defendants engage in a full and fair review of all claims and the administration of the Plan in the best interests of the participants of the Plan.

41. As a direct and proximate result of this breach, Ms. Doe has lost the principal and the use of her rightful disability benefits.

**SECOND CAUSE OF ACTION**
**(Attorneys' Fees and Costs)**
**(ALL DEFENDANTS)**

42. Ms. Doe realleges each of the paragraphs above as if fully set forth herein.

43. Under the standards applicable to ERISA, Ms. Doe deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

44. Defendants have the ability to satisfy the award.

45. Ms. Doe's conduct of this action is in the interests of all participants suffering from physical conditions who subscribe to the Plan, and the relief granted hereunder will benefit all such participants.

46. The Defendants have acted in bad faith in denying Ms. Doe's disability benefits under the Plan.

47. The award of attorneys' fees against the Defendants will deter others acting under similar circumstances.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1)  Declare, adjudge and decree that Ms. Doe is entitled to disability benefits as calculated under the terms of the Plan;

(2)  Award Ms. Doe disability benefits and interest from the dates of the Defendants' breaches of contract;

(3)  Order that the Defendants make restitution to Ms. Doe in the amount of all losses sustained by Ms. Doe as a result of the wrongful conduct alleged herein, together with prejudgment interest;

(4)  Award Ms. Doe the costs of this action and reasonable attorneys' fees; and

(5)  Award such other relief as the court deems just and reasonable.

Date: December 23, 2014                    Respectfully submitted for the Plaintiff,

By: _____/s/ Mala Rafik_____
Mala M. Rafik
BBO No. 638075
ROSENFELD RAFIK & SULLIVAN, P.C.
184 High Street, Suite 503
Boston, MA 02110
T: 617-723-7470, ext. 205
F: 617-227-2843
E: mmr@rosenfeld.com